[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15709
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20057-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAHED MOVLAYAZDANPAHI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 13, 2018)

Before TJOFLAT, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Jahed Movlayazdanpahi appeals his 18-month above-guidelines sentence

imposed following the second revocation of his supervised release.  On appeal,

Movlayazdanpahi argues that the district court failed to adequately consider his mitigating circumstances and imposed a substantively unreasonable sentence. After review of the record and consideration of the parties' briefs, we affirm.

## I. BACKGROUND

In June 2013, Movlayazdanpahi pled guilty to one count of receiving, concealing, and retaining a stolen tax refund check, in violation of 18 U.S.C. §§ 641 and 2. At sentencing, Movlayazdanpahi had a guidelines range of 33 to 41 months' imprisonment, driven largely by his criminal history category of VI. Movlayazdanpahi had a total of 14 criminal history points based on his prior criminal convictions, several of which involved driving without a valid license.

The district court sentenced Movlayazdanpahi to 33 months' imprisonment followed by 3 years of supervised release and ordered him to pay $30,577.55 in restitution. Among other things, the conditions of Movlayazdanpahi's supervised release required him: (1) not to leave the judicial district without permission of the court or a probation officer; (2) to notify the probation officer at least 10 days in advance of any change in residence or employment; and (3) not to commit another federal, state, or local crime. Movlayazdanpahi completed his 33-month sentence in August 2015 and began serving his 3-year term of supervised release.

In September 2016, Movlayazdanpahi was arrested for violating the conditions of his supervised release. At his revocation hearing for this first

2

violation, Movlayazdanpahi admitted to three of the alleged violations: (1) failure to pay restitution; (2) failure to notify the probation officer after being questioned by law enforcement; and (3) failing to participate in his outpatient treatment program. The government agreed to dismiss the remaining three violations, two of which had to do with Movlayazdanpahi driving with a suspended license.

Movlayazdanpahi's revocation guidelines range was 8 to 14 months, but he requested a downward variance to a sentence of home confinement, arguing that his criminal history category of VI overrepresented the seriousness of his criminal history, which largely involved traffic offenses. Movlayazdanpahi further asserted that home confinement would allow him to continue working, paying his restitution, and caring for his six-year-old son. The district court expressed concern about Movlayazdanpahi's ability to continue doing these activities when he was not supposed to be driving with his license suspended. Movlayazdanpahi represented that he was working with a lawyer in state court to get his license issues resolved and that his girlfriend would be able assist him with transportation in the meantime.

Though the district court expressed some additional reservations about Movlayazdanpahi's ability to comply with the conditions of home confinement, the district court ultimately decided to "give [Movlayazdanpahi] a chance," sentenced him to 6 months of home confinement, and reinstated his supervised release. The

district court further instructed that Movlayazdanpahi was to remain employed, work on clearing up his driving record, and begin to pay his restitution.

In September 2017, approximately a year after his first violation, a second warrant was issued for Movlayazdanpahi's arrest based on additional violations of his supervised release. Specifically, Movlayazdanpahi: (1) failed to refrain from violating the law when, in August 2017, he was arrested in Georgia for giving a false name, address, and birth date to a law enforcement officer and driving with a suspended license; (2) left the judicial district without permission; (3) failed to satisfy his restitution obligation as ordered; (4) failed to notify the probation office of a change in residence; and (5) failed to notify the probation office of a change in employment. Because his underlying offense was a Class C felony, Movlayazdanpahi faced a statutory maximum revocation term of two years (24 months). 18 U.S.C. § 3583(e)(3). Based on Movlayazdanpahi's criminal history category of VI, his revocation guidelines range was 8 to 14 months' imprisonment.

At his second revocation hearing in January 2018, Movlayazdanpahi admitted all five violations. The government and the probation office recommended a 24-month revocation sentence. Movlayazdanpahi requested a more lenient revocation sentence, noting that he had been incarcerated since his August 2017 arrest in Georgia. Movlayazdanpahi further stated that, prior to his

4

arrest, he had been doing very well at his new job and his employer was willing to rehire him upon his release.

The district court remarked that Movlayazdanpahi nevertheless had been "doing things he knows he shouldn't be doing," including being outside the district and "driving when he knows he doesn't have a valid license." The district court further noted that Movlayazdanpahi had "been chastised . . . for that in the past," and that this was not his first supervised release violation. Movlayazdanpahi explained that his suspended driver's license was the root of his problems and that the issue remained unresolved because he had trouble paying the fines he owed. Movlayazdanpahi asserted that he had been fighting to maintain a job so he could pay those fines and get his license back. Additionally, Movlayazdanpahi stated that he was now in a more stable living situation and that his girlfriend had volunteered to drive him to and from work until he resolved his license issues.

Movlayazdanpahi personally addressed the district court, reiterating that his issues with his license were "more monetary than anything else," and stating that he had had trouble paying the fines because his previous employer refused to compensate him for all of the hours he worked. Movlayazdanpahi further asserted that he was hardworking, wanted to be a positive influence on his children, and wanted "to go back to work and just move forward with [his] life."

The district court sentenced Movlayazdanpahi to 18 months' imprisonment, stating that it had reviewed "the argument of counsel as well as the materials provided for me in the petition" for Movlayazdanpahi's arrest.[1]  Movlayazdanpahi objected to the above-guidelines sentence.  He now appeals.

## II. DISCUSSION

If a defendant violates the conditions of his supervised release, the district court may, after considering certain 18 U.S.C. § 3553(a) factors, revoke the defendant's supervised release.  18 U.S.C. § 3583(e)(3).  In imposing a revocation sentence, the district court must consider, among other things, the nature and circumstances of the offense, the defendant's history and characteristics, the need for deterrence, and the applicable guidelines range.  Id. §§ 3583(e), 3553(a)(1), (2)(B)-(C), (4).

We review a district court's revocation of supervised release for an abuse of discretion, and review the revocation sentence imposed for reasonableness.  United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014).  The party challenging the sentence bears the burden of showing its unreasonableness, and we will not vacate a defendant's sentence unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing

---

[1]Notably, the district court did not impose any additional supervised release term following this 18-month incarceration sentence.  Thus, following his release from custody on his revocation sentence, Movlayazdanpahi will not be subject to any further supervision in connection with this conviction.

the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Trailer, 827 F.3d 933, 936 (11th Cir. 2016) (quotation omitted). That a sentence is outside the guidelines range does not render it presumptively unreasonable, and when the district court varies from the guidelines range, we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Furthermore, "[t]he fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." Id.

Here, the district court did not abuse its discretion in revoking Movlayazdanpahi's supervised release and imposing an 18-month revocation sentence. As outlined above, the district court granted Movlayazdanpahi leniency in his first revocation proceeding and varied below the guidelines range to impose a sentence of home confinement, intended to allow Movlayazdanpahi to continue working, pay his restitution, and get his life back on track. In his first revocation proceeding, Movlayazdanpahi represented that he was working earnestly to resolve his license issues and would find alternative solutions for his transportation needs in the meantime. Nevertheless, despite these representations and despite being given a second chance by the district court, Movlayazdanpahi violated his supervised release again just one year later.

7

Under these particular circumstances, it was not unreasonable for the district court, in Movlayazdanpahi's second revocation proceeding, to reject his renewed representations that he would seek alternative transportation and resolve his license issues. Nor was it unreasonable for the district court to conclude that an above-guidelines revocation sentence was necessary to deter Movlayazdanpahi from further violations, in light of his demonstrated inability to comply with the conditions of his supervised release and repeated history of driving with a suspended license. See 18 U.S.C. § 3553(a)(1), (2)(B). Movlayazdanpahi complains that the district court failed to give sufficient weight to his mitigating circumstances, such as his stable job and home life, but the weight given to any particular § 3553(a) factor is committed to the district court's sound discretion, and we see no clear error in the district court's weighing of those factors here. See United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

### III. CONCLUSION

For the foregoing reasons, we conclude that the district court did not err in imposing an 18-month sentence on the second revocation of Movlayazdanpahi's supervised release. Accordingly, we affirm.

**AFFIRMED.**

8